IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-03017-RMR-SBP

SUNRIDGE AT AVON II CONDOMINIUM ASSOCIATION,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

    Defendant.

---

**ORDER ON MOTION FOR CONTEMPT CITATION (ECF No. 30)**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on plaintiff Sunridge at Avon II Condominium Association's ("Sunridge") motion regarding a third-party subpoena, ECF No. 30-4 ("Subpoena"), issued to respondent Crawford & Company ("Crawford"). As originally filed, Sunridge's motion asks that the court enter a contempt citation against Crawford for its failure to comply with the Subpoena; however, the court converted the motion to a motion to compel. ECF Nos. 30 ("Motion"); 33. Sunridge supplemented the Motion, ECF No. 34 ("Supplement"), Crawford responded, ECF No. 38, ("Response"), but Sunridge did not file a reply. For the reasons below, the Motion is **GRANTED in part** and **DENIED in part**.

    Sunridge brings this first-party insurance action against defendant AmGUARD Insurance Company ("AmGuard") for breach of contract and bad faith. *See* ECF No. 7 ¶¶ 82-97. During its handling of Sunridge's insurance claim, AmGuard utilized several third-party adjusters, one of whom was Crawford. *Id.* ¶¶ 45-48. Sunridge issued the Subpoena on May 23, 2024, and gave

1

Crawford until June 13, 2024, to produce the following documents related to Sunridge's insurance claim with AmGuard:

> (1) Any agreements between Crawford and AmGuard, previous third-party adjusters, or a construction consultant;
> (2) Crawford's claim file and associated correspondence and documents;
> (3) Correspondence between Crawford and AmGuard or certain previous third-party adjusters, construction consultants, or contractors; and
> (4) Crawford's invoices for its work.

Subpoena at 5-6. Crawford did not respond by June 13, prompting Sunridge to send a conferral letter. *See* ECF No. 30-1. When Sunridge did not receive a response, it filed the Motion on July 1, 2024. As noted above, Sunridge originally asked that the court issue a contempt citation against Crawford and award attorney's fees. *See generally* Motion. The next day, the court converted the Motion into one seeking an order to compel compliance with the Subpoena, explaining that a contempt citation would be inappropriate under the circumstances, and then directed Sunridge to file a supplement. ECF No. 33. In its Supplement, Sunridge states that it received some documents but not everything called for in the Subpoena. *See* Supplement ¶¶ 14-19. Additionally, Sunridge highlighted that Crawford's claim notes contained redactions but lacked an accompanying privilege log. *Id.* ¶ 18.

Crawford responded that it supplemented its disclosures and has now produced all documents in its possession sought by Sunridge.[1] Response ¶¶ 5, 8-9, 13-14. It further explains

---

[1] Crawford alleges that its failure to timely respond was the result of its counsel—who are the same attorneys representing AmGuard—inadvertently missing correspondence from Sunridge. Response ¶¶ 3-4. These attorneys did not formally enter notices of appearance until July 26, 2024, ECF Nos. 36-37, which seems to have frustrated Sunridge since many of the documents produced before that date appeared to come from AmGuard and not Crawford, leading Sunridge

that it is unable to produce contracts between it and several independent adjusters and consultants because any contracts with those entities would be with AmGuard and not Crawford. *Id.* ¶ 15. Thus, Crawford submits that it has complied with the Subpoena. *Id.* ¶ 16.

Sunridge has not filed a reply contesting Crawford's representations or arguing that its productions are still insufficient. Therefore, the court finds that Crawford has complied with the Subpoena except in one respect. Having reviewed the parties' submissions, the only outstanding issue appears to be the redactions on Crawford's claim file and the lack of a privilege log. Crawford does not make clear whether it has subsequently produced such a log; thus, unless it has already done so, Crawford shall submit a privilege log to Sunridge within 21 days of this Order, bearing in mind that any privilege log must sufficiently "identif[y] with particularity the documents withheld, including their date of creation, author, title or caption, addressee and each recipient, and general nature or purpose for creation. In addition, the particular privilege relied on must be specified." *Zander v. Craig Hosp.*, 743 F. Supp. 2d 1225, 1232 (D. Colo. 2010).

Because the court concludes that Crawford has complied with the Subpoena, any request for attorney's fees is denied. *See N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007) (noting that unlike Rule 37, Rule 45 does not contain an express provision awarding attorney's fees to the prevailing party on a motion to compel and that "sanctions are appropriate under Rule 45 only if a nonparty is declared in contempt").

For these reasons, the Motion to Compel, ECF No. 30, is **GRANTED in part** and **DENIED in part**. Crawford shall provide a privilege log to Sunridge by no later than **March 12,**

---

to believe that Crawford was refusing to communicate regarding the Subpoena. *See* Supplement ¶¶ 14, 19.

**2025**, unless it has already done so.[2]

DATED: February 19, 2025            BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").